UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MIRNA DAMARIZ DE LEON CARDONA, a/k/a MIRNA GOMEZ CARDONA,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

Case No. 5:26-cv-05859-PD

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS AND ORDERING RELEASE**

**A# 200-627-744**

Mirna Damariz Leon Cardona ("Petitioner") filed a counseled, verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Dkt. No. 1. Pursuant to General Order 26-05, Respondents' answer was due October 13, 2026. Dkt. No. 6. Respondents did not file an answer by that deadline, and as of the date of this Order, have not filed a response. Petitioner filed a notice of Respondents' failure to respond. Dkt. No. 11. For the reasons stated below, the Petition is granted in part.

## I. Background

Petitioner is a national and citizen of Guatemala who was encountered on or about December 20, 2010, in the United States, and returned to Mexico.

Dkt. No. 1, Petition ¶ 17. Petitioner later arrived at the San Ysidro California Port of entry on January 21, 2011, and the Department of Homeland Security ("DHS") detained her, found her inadmissible, processed her for expedited removal under 8 U.S.C. § 1225(b)(1), and referred her for a credible fear interview. *Id.* Petitioner received a positive credible fear determination. Thereafter, DHS issued a Notice to Appear dated February 9, 2011, designating Petitioner an arriving alien, charging her under 8 U.S.C. § 1182(a)(7)(A)(i)(I), and noting it was issued after an asylum officer found a credible fear of persecution or torture. *Id.* ¶ 20. On February 28, 2011, after spending approximately five weeks in custody, DHS released Petitioner on parole. *Id.*

On May 3, 2011, Petitioner filed her application for asylum and withholding of removal in her removal proceedings. *Id.* ¶ 21. According to Petitioner, she pursued the application through the immigration court for eleven years, never missed a hearing, presented for biometrics whenever required, and obtained employment authorization once eligible.[1] *Id.*

Petitioner has two Guatemalan-born children who entered the United States separately and were granted asylum by United States Citizenship and Immigration Services ("USCIS") based on the same underlying facts and circumstances as her own asylum claim. *Id.* ¶ 22. Petitioner's youngest daughter is an eight-year-old United States citizen and depends on Petitioner as her primary caregiver. *Id.* ¶ 23.

Petitioner alleges that on July 27, 2022, the Van Nuys immigration judge dismissed Petitioner's removal proceedings without prejudice based on

---

[1] Petitioner also alleges she has maintained her employment authorization continuously for more than a decade, undergoing biometric and background screening with each renewal.

"DHS's prosecutorial discretion" and cited 8 C.F.R. §§ 239.2(a)(7), (c).[2] *Id.* ¶ 24. Petitioner states she timely appealed the dismissal to the Board of Immigration Appeals on August 11, 2022 because she wanted her asylum claim decided on the merits. *Id.* ¶ 25. She also states that at this time, DHS knew of two contacts she had with the criminal justice system, both misdemeanor prosecutions that ended without convictions.[3] *Id.* ¶ 26. Since her release on parole in 2011, Petitioner alleges she has had no United States Immigrations and Customs Enforcement ("ICE") check-in or supervision obligations. *Id.* ¶ 27.

Petitioner filed an asylum application with the USCIS asylum office and on July 15, 2024, USCIS issued a receipt of notice acknowledging that her application "was received and pending as of 05/05/2011." *Id.* ¶ 28. USCIS scheduled Petitioner's biometrics for August 6, 2024, and she appeared as required. *Id.* Petitioner alleges she paid the annual asylum fee and that her application then waited in the asylum office's backlog for more than two years. *Id.* On May 1, 2025, the Board of Immigration Appeals terminated Petitioner's appeal. She alleges that no immigration judge, board member, or asylum officer has ever adjudicated the merits of her claim. *Id.* ¶ 29.

---

[2] 8 C.F.R. §§ 239.2(a)(7) states "[a]ny officer authorized by § 239.1(a) to issue a notice to appear may cancel such notice prior to jurisdiction vesting with the immigration judge pursuant to § 3.14 of this chapter provided the officer is satisfied that: . . . (7) Circumstances of the case have changed after the notice to appear was issued to such an extent that continuation is no longer in the best interest of the government."

[3] On November 22, 2016, Petitioner was charged with misdemeanor violations of California Penal Code §§ 273.5(a) and 243(e)(1), arising from a dispute with her husband. The prosecution did not proceed, and the court dismissed the case on March 7, 2017, under Penal Code § 1382. Then, on January 6, 2021, Petitioner was charged with misdemeanor violations of California Penal Code §§ 273.5(a) and 273a(b) after an argument with her youngest daughter's father. Petitioner disputed the charges. The court dismissed the case on July 18, 2022, after the prosecution was unable to proceed.

Petitioner alleges that USCIS scheduled her asylum interview for August 20, 2026, but then cancelled it without explanation and issued a Form I-797C Interview Reschedule Notice, directing her to appear at the asylum office on September 24, 2026. *Id.* ¶ 30. Petitioner states she arrived at the Tustin asylum office as directed on September 24, 2026, and was detained. *Id.* ¶ 35. She received no written notice of any termination of her parole, no statement of reasons, and no hearing before a neutral decisionmaker, either before or after her arrest. *Id.* ¶ 39. On September 30, 2026, DHS filed a new Notice to Appear with the immigration court and Petitioner was scheduled for a master calendar hearing on October 6, 2026. *Id.* ¶ 40. Petitioner is not subject to any order of removal. *Id.* She remains detained at the Adelanto ICE Processing Center. *Id.* ¶ 41.

## II. Discussion

The Petition raises five claims: (1) Petitioner's re-detention without advance notice and opportunity violated her procedural due process rights; (2) her re-detention violated her substantive due process rights; (3) her re-detention was an unlawful termination of her parole; (4) Respondents acted arbitrarily and capriciously under 5 U.S.C. § 706(2)(A); and (5) Petitioner's unreasonable seizure was a violation of the Fourth Amendment. Petitioner seeks immediate release. Respondents have neither filed a notice of appearance nor an answer. The time has passed to comply with the briefing schedule, and so this Petition is deemed unopposed.

Federal courts must decide cases based on the arguments the parties present. *See United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020); *Greenlaw v. United States*, 554 U.S. 237, 243 (2008). That rule follows from the party presentation principle: "In our adversarial system of adjudication . . . in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the

role of neutral arbiter of matters the parties present." *Sineneng-Smith*, 590 U.S. at 375 (2020) (cleaned up). Earlier this year, the Supreme Court reminded the lower courts that they are "essentially passive instruments of government" who must stick to the narrow questions teed up by the parties. *Margolin v. Nat'l Assoc. of Immigration Judges*, 146 S. Ct. 1285, 1288 (2026) (citation omitted).

Here, Respondents did not meet this burden as they failed to provide an answer. Their failure to do so constitutes forfeiture of the arguments they *could* have made in support of their position. *See Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised."); *Am. Int'l Enters., Inc. v. F.D.I.C.*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) ("Issues raised in the brief that are not supported by argument are deemed abandoned."). And where the opposing party offers no reason to reject a particular claim, the Court is not duty-bound to go find a reason for them—indeed, the party presentation principle requires it to do the opposite. *Sineneng-Smith*, 590 U.S. at 375-76 ("[A]s a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief.") (cleaned up).

As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that her claim that her detention is without lawful authority is unrefuted. As numerous other courts have found in such circumstances, the Petition should therefore be granted based on Respondent's failure to oppose the primary relief sought. *See, e.g.*, *Barajas-Bautista v. Warden, Desert View Annex*, No. 5:26-cv-03135-SK, 2026 WL 2058433, at *2 (C.D. Cal. July 13, 2026) (granting petition and ordering release where the respondent did not oppose granting a bond hearing

but did not address the petitioner's remaining claims; noting "Respondents, who alone possess petitioner's A-file, his Form I-213, and his criminal history record, filed nothing and denied nothing"); *Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession); *N-E-M-B v. Wamsley*, No. 3:25-cv-989-SI, 2025 WL 3527111, at *1 (D. Or. Dec. 9, 2025) ("Respondents do not challenge any aspect of the Petition on the merits and thus the Court finds that Respondents have waived such challenges and conceded those aspects of the Petition.").

In sum, because Respondents have not met their burden "to show cause why the writ should not be granted," 28 U.S.C. § 2243, the Court grants the Petition and orders Petitioner released.

**IV. Order**

For the foregoing reasons, the Petition is GRANTED as to Count One and the remaining counts are dismissed without prejudice.

Petitioner Mirna Damariz de Leon Cardona a/k/a Mirna Gomez Cardona (A# 200-627-744) is **ordered released** within 24 hours of this Order under the terms and conditions of Petitioner's existing release, as if Petitioner had not been detained. This Order does not provide Petitioner with blanket immunity from future detention – that relief is likely beyond the Court's jurisdiction – but any future enforcement actions after release must comply with Due Process requirements.

At the time of release, **Respondents are ordered** to return to Petitioner any of Petitioner's personal belongings that were seized from her, including all identification, work authorization, or other official documents.

**Respondents are further ordered** to file, within three days of Petitioner's release, a status report (1) confirming Petitioner's release, and (2) the return to Petitioner of her personal belongings, including the above-listed items.

IT IS SO ORDERED.

DATE: October 15, 2026

Patricia Donahue

Patricia Donahue
United States Magistrate Judge